IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JODI LYNN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-773 |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 29th day of September, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises three arguments as to why she believes the Administrative Law Judge ("ALJ") erred in finding that she is not disabled. First, she contends that the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence. Second, she asserts that the ALJ improperly evaluated her subjective complaints. Finally, she claims that that the ALJ improperly disregarded the testimony of the vocational expert ("VE"). The Court disagrees on all counts and finds that substantial evidence supports the ALJ's decision.

In arguing that the ALJ's RFC determination lacks sufficient record support, Plaintiff notes that the determination "is not based on the opinion of any physician" and points out that the ALJ's findings were at least partially inconsistent with all of the medical opinions in the record. (Doc. No. 14, pp.13, 18-19). This is not, however, error in and of itself. The Third Circuit Court of Appeals has made clear that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). *See also* 20 C.F.R. §§ 404.1520b(c)(3), 404.1546(c), 416.920b(c)(3), 416.946(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Accordingly, an ALJ is not prohibited from making an RFC assessment even if no doctor has specifically made the same findings. *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).

Of course, merely because an ALJ does not need to rely on the specific opinion of a physician does not absolve him or her of explaining how the ultimate RFC findings are supported by substantial evidence. Plaintiff contends that the ALJ failed to justify omitting the postural limitations to which consultative examiner Jessica Spagnolo, N.P. (R. 443-58), and the state agency medical consultants, Robert Warner, M.D. (R. Exs. 1A and 2A), and Margel Guie, D.O. (R. Exs. 5A and 6A), opined. However, the ALJ addressed the issue of postural limitations and adequately explained why he declined to include any such restrictions in Plaintiff's RFC. In any event, none of the jobs the VE found someone with Plaintiff's RFC could perform – photocopy machine operator (DOT # 207.685-014), marker (DOT # 209.587-034), or router (DOT # 222.587-038) – require the ability to perform the type of postural activities at issue here. The Court further notes, as did the ALJ, that the RFC was actually more restrictive than NP Spagnolo's opinion to the extent she had opined that Plaintiff could perform medium work and included Dr. Guie's limitation to frequent fingering. (R. 19-20, 97, 448-49).

Plaintiff goes on to argue, though, that none of the opining medical sources had access to evidence from after they reviewed the record that demonstrated a decline in her condition. It is well established that the fact that the opinion of a state agency medical consultant or consultative

examiner was rendered before other evidence became available does not mean the ALJ was prohibited from finding it to be persuasive. *See Chandler*, 667 F.3d at 361 ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). That said, it is also true that where there is a substantial amount of new evidence between the date on which an opinion upon which an ALJ relies and the date on which the ALJ renders his or her decision, remand may be warranted. *See id.*; *Cadillac v. Barnhart*, 84 Fed. Appx. 163, 168-69 (3d Cir. 2003); *Grimes v. Colvin*, Civ. No. 15-133E, 2016 WL 246963, at *2 (W.D. Pa. Jan. 21, 2016). Although Plaintiff believes that to be the case here, the Court finds the ALJ's finding to the contrary to have adequate record support.

Nurse Practitioner Spagnolo's opinion was issued on December 9, 2019, Dr. Warner's on January 9, 2020, and Dr. Guie's on August 3, 2020. Therefore, all would have had access to evidence pertaining to Plaintiff's June 4, 2019 left knee surgery. However, as Plaintiff points out, none had access to evidence regarding Plaintiff's low back and right hip problems, and only Dr. Guie could have had access to evidence regarding her right thumb surgery on May 7, 2020. The ALJ, though, did have access to the entire record in rendering his decision, including evidence from after the consultants reviewed the record. He discussed this evidence and explained how it was consistent with the earlier medical opinions.

In regard to Plaintiff's knee condition, all of the opining physicians were aware of her initial improvement after surgery (R. 512-27) and her subsequent complaints in September of 2019. (R. 537-46). Nurse Practitioner Spagnolo's consultative examination, in fact, postdates all of this evidence. There was no real change, then, in Plaintiff's knee condition from after the issuance of the medical opinions, which the ALJ discussed.

As to Plaintiff's issues with her thumb and her hands in general, the Court first notes that these issues existed prior to NP Spagnolo's exam, which included findings of intact hand and finger dexterity and normal grip strength. (R. 447). While Plaintiff's surgery did happen later, it was clearly successful at improving Plaintiff's condition. Plaintiff suggests that the ALJ somewhat overstated the success of the surgery, but the June 19, 2020 treatment notes of her surgeon, Corey Pacek, M.D., essentially speak for themselves and are consistent with the ALJ's characterization of Plaintiff's recovery: "The patient is now 6 weeks out from her surgery. She is very pleased overall with her recovery. She states she has 100% improvement of her pain. Her only complaint is some minor weakness in the hand which she is not overly concerned about. She has been going to therapy. . . . The patient is doing very excellent overall." (R. 565).

Plaintiff's hip and back problems started shortly before the administrative hearing, and the records, while they report Plaintiff's subjective complaints, do not set forth any functional limitations these issues may have caused. Nonetheless, the ALJ did reference Plaintiff's hip and back pain and did, despite Plaintiff's claim to the contrary, acknowledge the MRI of Plaintiff's lumbar spine that demonstrated degenerative and discogenic disorders. (R. 15-16, 734-36). Moreover, the ALJ discussed the very last treatment note in the record, from Plaintiff's primary care physician dated March 15, 2021, indicating that after bariatric surgery Plaintiff was doing well with no concerns. (R. 19, 745). While Plaintiff argues that this sheds little light on her hip and back problems, the note is from a provider with whom she had treated for her back and hip.

Plaintiff naturally believes that the evidence leads to a different conclusion than that reached by the ALJ in regard to her RFC. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Here, the evidence was sufficient to support the ALJ's findings.

Plaintiff next argues that the ALJ improperly evaluated her subjective complaints of pain and other non-exertional impairments. The Court first notes that although an ALJ's consideration of a claimant's testimony is still often referred to as a "credibility" determination, that term has been eliminated from the Commissioner's policy concerning "subjective symptom evaluation." *Schneider v. Berryhill*, No. CV 17-1299, 2019 WL 698471, at *2 (W.D. Pa. Feb. 20, 2019) (citing SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016)) (explaining SSR 16-3p "clarif[ied] that the subjective symptom evaluation is not an examination of an individual's character"). The manner of the evaluation, though, remains unchanged in most ways, and many concepts that applied when the evaluation was considered to be one of credibility continue to apply now.

Here, the ALJ adequately explained his basis for finding that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the record evidence. (R. 19). He discussed Plaintiff's significant activities of daily living, including her regular care for two children – to the point that she referred to herself as a "nanny" on January 28, 2021 (R. 624) – and the fact that she managed a home by herself. (R. 16, 18, 20). While these activities may not alone support a finding of non-disability, an ALJ can, and in fact must, consider a claimant's activities of daily living in evaluating his or her testimony. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); SSR 16-3p, at *7; *Wright v. Astrue*, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011). The ALJ did not rely solely on Plaintiff's daily activities, though; as discussed above, he also discussed the objective medical evidence, such as medical imagining date and clinical findings, in considering Plaintiff's testimony as he was required to do. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); SSR 16-3p, at *5.

It is important to remember that while a claimant's testimony regarding his or her subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); *Chandler*, 667 F.3d at 363. Moreover, where an ALJ has articulated reasons supporting a "credibility" determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). The Court finds that such deference is warranted in this case. *See also Paula R. v. Comm'r of Soc. Sec.*, No. CV 20-18808 (RBK), 2022 WL 950242, at *5 (D.N.J. Mar. 30, 2022) ("Credibility determinations are 'virtually unreviewable on appeal.'" (quoting *Hoyman v. Colvin*, 606 Fed. Appx. 678, 681 (3d Cir. 2015))).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

Plaintiff's final argument is that the ALJ disregarded the VE's testimony by not accepting his testimony that Plaintiff could not perform the jobs of photocopy machine operator, marker, and router if she would be off task 20 percent of the workday, absent more than 8 days a year, would need to lie down, or was limited to only occasional handling, fingering, and feeling. (Doc. No. 14, p. 21). However, as the Third Circuit has explained, "'While the ALJ may proffer a variety of assumptions to the expert, the vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments.'" *Seney v. Comm'r Soc. Sec.*, 585 Fed. Appx. 805, 809 (3d Cir. 2014) (citing *Burns v. Barnhart,* 312 F.3d 113, 123 (3d Cir.2002)). Here, the ALJ found that the limitations discussed above were not supported by the record and therefore properly disregarded the VE's testimony as to those restrictions.

In making his decision here the ALJ relied on the objective medical evidence, Plaintiff's testimony and statements, her activities of daily living, and the medical opinion evidence. All of this constitutes substantial evidence in support of the ALJ's findings, especially in light of the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high," *Biestek*, 139 S. Ct. at 1154. Accordingly, for the reasons set forth herein, the Court affirms.